IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01568-RM-MJW

REGINA GARCIA as Parent and Next Friend to T.D., a minor,

Plaintiff(s),

v.

KELCEY PATTON and
THE DENVER DEPARTMENT OF HUMAN SERVICES,

Defendant(s).

---

MINUTE ORDER

---

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that Non-Party City of Wheat Ridge's Motion to Quash Subpoena, or in the Alternative, Request for an *In Camera* Review and Protective Order (docket no. 61) is **GRANTED**. The subject Subpoena is **QUASHED** for the following reasons.

Plaintiff seeks the production of an unredacted copy of the DVD recording of an April 2014 forensic interview ["investigative interview"] conducted pursuant to the City of Wheat Ridge's Police Department's pre-filing investigation of alleged sexual assaults. The court has previously ruled on: **(1)** Cynthia Jamison, LPC's and Progressive Therapy Systems' Objection by Subpoenaed Third Party (docket no. 22); **(2)** Denver Probation's Motion to Partially Quash Subpoena *Duces Tecum* Directed to the Denver Adult Probation, or Alternatively, for Entry of a Protective Order (docket no. 26); **(3)** Plaintiff's Motion to Compel and Opposition to Motion to Quash (Subpoena to Cynthia Jamison, LPC & Progressive Therapy Systems) (docket no. 31); and **(4)** Plaintiff's Motion to Compel (Subpoena to RSA, Inc.) (docket no. 57). See **ORDER** dated October 21, 2014 (docket no. 69). My **ORDER** (docket no. 69) is currently law of this case and is incorporated by reference.

I find that the Colorado Criminal Justice Records Act ["CCJRA"], §§ 24-72-304 and 305, C.R.S., exempts any criminal justice record from disclosure where the custodian of the record determines that such disclosure would be contrary to the public interest. In particular, § 24-72-304(4)(a), C.R.S., precludes the release of the name or any other information that would identify any victim of sexual assault to any individual or agency other than a criminal justice agency.

I further find that the affidavits of Chief Daniel G. Brennan from the Wheat Ridge

2

Police Department (docket no. 61-2) and Sergeant John D. Jepkema from the Wheat Ridge Police Department (docket no. 61-3) demonstrate that there is an on-going sexual assault against children investigation which includes the information requested in the subject Subpoena.  Sergeant Jepkema states in his affidavit, *in pertinent part*, that turning over the requested information per the subject Subpoena would: **(1)** be contrary to the public interest; **(2)** compromise an active and on-going sexual assault investigation that is likely to lead to the filing of felony charges in the Jefferson County District Court in the near future; **(3)** create the opportunity for destruction of evidence before the verification of the statements and the filing of criminal charges; **(4)** undermine the criminal investigation at a critical juncture because it contains new evidence not included in previous records created by the police department; **(5)** likely cause a chilling effect on the continued cooperation of the alleged victims of this open investigation and other victims of sexual assault; and **(6)** undermine the integrity of the forthcoming criminal case because the sharing of detailed and confidential criminal investigative information before felony charges are brought in the state court creates the appearance of collusion between the police department and a plaintiff in a civil action seeking money damages on the basis of allegations of sexual assaults.  Further, Sergeant Jepkema's affidavit states: "[T]hat the police department does not have the technical ability or the technology necessary to redact the Investigation Interview in a manner that protects the identification of alleged victims of sexual assaults.  In addition, the nature of the relationship between the alleged perpetrators and alleged victims of sexual assaults are such that it would be very difficult, if not impossible, to redact all information that would identify the victims of the alleged sexual assaults."

I further find that the Freedom of Information Act, 5 U.S.C. § 552(b)(7)(A), authorizes the withholding of records compiled for law enforcement purposes where disclosure could reasonably be expected to interfere with law enforcement proceedings. Here, the affidavits of Chief Brennan (docket no. 61-2) and Sergeant Jepkema (docket no. 61-3) clearly demonstrate that disclosing the requested information per the subject Subpoena would interfere with the City of Wheat Ridge Police Department's current on-going felony sexual assault investigation and that the Exemption under (7)(A) above applies.  The Exemption under (7)(A) protects against the disclosure of the Investigative Interview because: (1) the Investigative Interview pertains to an active and on-going sexual assault investigation that is likely to lead to the filing of felony charges in the Jefferson County District Court in the near future and (2) the likelihood that the disclosure of the Investigative Interview would result in an articulable and likely harm to the ultimate success of the criminal investigation.  N.L.R.B. v. Robbins Tire & Rubber, Co., 437 U.S. 214, 224 (1978).  Sergeant Jepkema's affidavit (docket no. 61-3) also demonstrates clearly that the redaction and disclosure of  the Investigative Interview would impose an undue burden on the City of Wheat Ridge Police Department.

Lastly, Plaintiff's reliance on former State of Colorado Attorney General Gale A. Norton's 1992 Opinion does not apply under the facts of this case because the Investigative Interview is not a record of "official action" and Plaintiff is not a "person of

3

interest" as defined under the CCJRA.   See § 24-72-302(7) and (10), C.R.S. Accordingly, for the above reasons, the subject motion (docket no. 61) should be granted, and the subject Subpoena should be quashed.

Date: November 12, 2014