IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01568-RM-MJW

REGINA GARCIA as Parent and Next Friend to T.D., a minor,

Plaintiff(s),

v.

KELCEY PATTON and
THE DENVER DEPARTMENT OF HUMAN SERVICES,

Defendant(s).

---

MINUTE ORDER

---

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Plaintiff's Motion for Leave to Amend Complaint to Include Request for Punitive Damages (docket no. 37) is GRANTED for the following reasons.

It is FURTHER ORDERED that on or before November 19, 2014, Plaintiff shall file with the court her Amended Complaint which may include her claim for punitive damages.

In § 1983 cases, punitive damages may be awarded only when "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). The focus must be on whether the defendant's actions call for "deterrence and punishment over and above that provided by compensatory awards." Id. at 54. "[N]ot every intentional violation of a plaintiff's constitutional rights subjects a defendant to punitive damages." Wulf v. City of Wichita, 883 F.2d 842, 867 (10th Cir. 1989). Here, the Plaintiff has demonstrated in the subject motion (docket no. 37) enough facts that may support an award of punitive damages.

The subject motion (docket no. 37) is made after the deadline for amendment of pleadings, and thus this court has applied the following analysis in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking

> modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted). This court finds that plaintiff has satisfied this first step in the analysis and has established good cause to extend the deadline within which she may seek leave to amend the complaint.

The second step is consideration of whether the plaintiff have satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Id. at 669 (citation omitted). Based upon this standard, and substantially for the reasons stated in the subject motion (docket no. 37), this court finds that the proposed amendment should be permitted to allow a claim for punitive damages. The court notes that no trial date has been set and the final pretrial conference is not set until May 14, 2015. In the event the parties believe that additional discovery is warranted in light of these amendments, they may move to extend discovery for a reasonable period and to alter any other deadlines. Id. However, it should be noted that the current deadline to complete discovery is January 30, 2015, and the current deadline to file dispositive motions is March 16, 2015. See Scheduling Order (docket no. 13). Thus, any prejudice that might arise from this amendment is capable of being cured. Id.

Date: November 12, 2014